**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARMERS AUTOMOBILE INSURANCE ASSOCIATION and PEKIN INSURANCE COMPANY,<br>     Plaintiffs,<br><br>   v.<br><br>SCOTT T. LONG, PAUL J. DHANENS and DIANE M. DHANENS, Individually and as Co-Administrators of the Estate of PHILIP A. DHANENS, Deceased,<br><br>     Defendants. | Case No. 1:13-cv-01236 AWI BAM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>(Doc. 31) |

On January 3, 2014, Plaintiffs Farmers Automobile Insurance Association and Pekin Insurance Company ("Plaintiffs") filed a Motion for Default Judgment against Defendants Diane M. Dhanens and Paul J. Dhanens, Individually and as co-administrators of the Estate of Philip A. Dhanens ("Defendants" or "the Dhanens")[1]. (Doc. 1). Defendants have not responded to the motion or otherwise appeared in this lawsuit. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for February 14, 2014. For the following reasons, Plaintiffs' Motion for Default Judgment is **DENIED.**

---

[1] Plaintiffs' complaint indicates that the Dhanens are nominal but interested parties to the instant suit. No specific relief is sought against them; they are joined here solely in order to be bound by the judgment. (Doc. 2 at ¶ 6).

1

## BACKGROUND

Plaintiffs filed their Complaint for Declaratory Judgment on August 5, 2013, against the Dhanens and Defendant Scott Long seeking a declaration that Plaintiffs have no duty to defend Defendant Scott T. Long under either a Homeowners Insurance Policy or a Personal Umbrella Liability Policy issued to Mark and Leigh Ann Long.[2]

On October 16, 2013, Plaintiffs filed a proof of service. According to the proof, the process server served the Dhanens on September 25, 2013, by substituted service on Alissa Hoy, at 100 Spear Street, 1800, San Francisco, CA. (Docs. 17, 18). On October 21, 2013, after the Dhanens failed to answer or otherwise defend against this action and upon Plaintiffs' request, the Clerk entered default against the Dhanens. (Docs. 21, 22). On January 3, 2014, Plaintiffs moved for default judgment against the Dhanens. (Doc. 31). Plaintiffs did not mail or serve the Dhanens with a copy of the motion. The Dhanens did not oppose this motion. The Court has reviewed the motion, exhibits, and the applicable law, and is sufficiently advised on the issues involved.

## DISCUSSION

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested. *See, e.g., Coach, Inc. v. Diva Shoes & Accessories*, 2011 WL 1483436, *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, 2010 WL 5200912, *2 (E.D. Cal. Dec. 15, 2010). Under Federal Rule of Civil Procedure 4(e), individuals such as the Dhanens may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

---

[2] As the substantive allegations of the complaint are not relevant to the disposition of this motion, they are not recounted here in detail.

      (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  In the instant case, Plaintiffs have submitted a proof of service purporting to establish that the Dhanens were served by substituted service at an office in San Francisco. (Docs. 17, 18).  The proof of service indicates service was effectuated by leaving copies of the summons and complaint with "Alissa Hoy- authorized to accept service."  (Docs. 17, 18).  Plaintiffs do not attach a declaration supporting service to their motion nor did they mail a copy of the motion for default judgment to the Dhanens or Alissa Hoy.  Other than the statement on the proof of service, there is no indication as to who Alissa Hoy is, what her role is at the business address in San Francisco, or how she was authorized to accept service.

Although Rule 4(e) permits service on an individual's authorized agent, there is no evidence establishing that Alissa Hoy was designated or authorized to receive service of process in this action on behalf of the Dhanens.  Plaintiffs' complaint indicates that the Dhanens are residents of Bakersfield, California, further bringing into question whether service on Alissa Hoy in San Francisco imputes service on Defendants. The Court finds that the process server's statement that Alissa Hoy is "Authorized to Accept Service" is not sufficient.  The Court further finds that Plaintiffs have not shown by declaration or otherwise that the Dhanens were properly served with process under the Federal Rules of Civil Procedure.  Accordingly, the Court will not recommend default judgment be granted until service is proper or it has been established that Alissa Hoy, or any other party, is properly authorized to accept service of process on behalf of the Dhanens.

///
///
///
///
///
///
///
///

## **CONCLUSION**

Based on the above, Plaintiffs' Motion for Default Judgment is DENIED without prejudice. No later than April 11, 2014, Plaintiffs shall file an Amended Motion for Default Judgment which establishes that proof of service was proper. In the alternative, if service was not proper, plaintiffs shall so notify the Court no later than March 28, 2014 so that the Court can set aside the default and Plaintiffs can re-serve the Defendants. Plaintiffs are advised that failure to comply with this order may result in dismissal of this action for a failure to prosecute.

IT IS SO ORDERED.

Dated: **March 13, 2014**          /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE